UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SCHADRAC WABA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:25-CV-00125-DCR-MAS |
| ) | |
| AMAZON.COM SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Schadrac Waba has filed a motion to remand [DE 11] the current action back to state court following Defendant Amazon.Com Services, LLC's ("Amazon") removal to federal court [DE 1]. Waba's lawsuit alleges employment discrimination against Amazon. Because this Court possesses subject matter jurisdiction, the Court will deny Waba's motion.

**I.   BACKGROUND**

Waba originally filed a complaint in Fayette Circuit Court against Defendant Amazon.com Services, LLC, for violations of the Kentucky Civil Rights Act, alleging employment discrimination and retaliation. [DE 1-1]. In the Complaint, filed March 19, 2025, Waba avers he "was a resident of 534 Hollow Creek Road, Lexington, KY 40511, at the time of the incident of discrimination. Plaintiff currently resides at 6506 Chelsea Glen Drive, Canal Winchester, OH." [Complaint, DE 1-1 at Page ID#

11]. Waba averred the same in his First Amended Complaint, filed in Fayette Circuit Court on March 25, 2025. [DE 1-1 at Page ID# 28]. Amazon removed the case to the Eastern District of Kentucky based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Amazon, through the citizenship of its sole member, is a citizen of Delaware and Washington. [DE 1 at Page ID# 5]. Amazon alleged the amount in controversy exceeds the jurisdictional minimum of $75,000, a fact Waba does not dispute.

After removal to federal court, Waba filed a Second Amended Complaint adding Defendants Adarsh Gurung and Sarah Bevins, both of whom are alleged to work at the Amazon facility in Lexington. [DE 9]. For purposes of this motion, the Court will presume the individual defendants are residents of Kentucky, a fact Amazon does not dispute. Moreover, Waba added a new claim asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

## II.    ANALYSIS

Federal courts are courts of limited jurisdiction. Indeed, there are only two ways most cases make it into federal court: through diversity jurisdiction or federal question jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38, 139 S.Ct. 1743, 204 L.Ed.2d 34 (2019). Parties can remove a case from state court to federal court so long as the case could have been originally filed in federal court— that is, so long as the federal court has diversity or federal question jurisdiction over the case. *Id*. at 438, 139 S.Ct. 1743 (citing 28 U.S.C. § 1441(a)). If the federal court lacks subject matter jurisdiction over the removed case, it must remand the case to state court. 28 U.S.C. § 1447(c).

Waba argues that this Court lacks subject matter jurisdiction via federal question or diversity. After a review of the relevant pleadings, the Court disagrees.

A. **FEDERAL QUESTION**

In his Second Amended Complaint, Waba has clearly asserted a claim under Title VII. [DE 9, Page ID# 84 (listing Count I as a claim under Title VII)]. Waba even states that this Court "has subject matter jurisdiction over Plaintiffs federal claims pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, and supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. § 1367." [DE 9, Page ID# 83].

Ordinarily, federal courts determine whether federal question jurisdiction exists by "examin[ing] the 'well pleaded' allegations of the complaint and ignor[ing] potential defenses[.]" *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). A cursory review of Waba's Second Amended Complaint makes clear that he has raised a federal question. And, as Waba correctly averred, the Court has supplemental jurisdiction over the remainder of his claims pursuant to 28 U.S.C. § 1367.

B. **DIVERSITY**

Even if the federal question was not conclusive (and it is), the Court also addresses Waba's claims the Court lacks diversity jurisdiction. Diversity jurisdiction requires that each defendant be a citizen of a state different from that of each plaintiff. 28 U.S.C. § 1332(a)(1); *see also Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017). Again, Waba's own pleadings defeat his argument.

At current, Waba is a resident of Ohio while Defendants are residents of Kentucky, Delaware, and Washington. Diversity is clear. However, in his motion to remand, Waba now asserts that he is domiciled in Kentucky. [DE 11, Page ID# 134 (listing off property in Kentucky, a child living in Kentucky, paying taxes in Kentucky)]. However, such an assertion runs contrary to Waba's claim that he "currently resides at 6506 Chelsea Glen Drive, Canal Winchester, OH." [Complaint, DE 1-1 at Page ID# 11].

A citizen can change his/her domicile instantly by taking up residence at a new domicile with the intent to remain there. *Napletana v. Hillsdale College*, 385 F.2d 871, 872-873 (6th Cir.1967). "[A] change in domicile requires only the concurrence of (1) physical presence at the new location with (2) an intention to remain there indefinitely, or the absence of any intention to go elsewhere." *Holmes v. Sopuch*, 639 F.2d 431, 433 (8th Cir.1981) (citation omitted). "Even though a party may have several places of residence, he or she may have only one domicile at a given time." Chappelle v. Beacon Communications Corp., 863 F.Supp. 179, 181 (S.D. N.Y. 1994). (citing *Williamson v. Osenton*, 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914)). A domicile is distinguished from a residence by the "permanency and scope" of a party's presence at either location. "It is 'the place where a person dwells and which is the center of his domestic, social, and civil life.'" *Id*. at 181 (citations omitted).

The record before the Court is that Waba, per his own statement, resides in Ohio [DE 1-1, Page ID# 11], possesses an Ohio driver's license [DE 11, Page ID# 134],

and works in Ohio [DE 11, Page ID# 134]. Also per Waba, he has a child in Kentucky, leases a residence in Kentucky, and files Kentucky taxes. The record is unquestionably mixed. In the end, the Court can only go with what Waba has told the Court—he **resides** in Ohio and is a citizen of Ohio.

Considering the amount in controversy indisputably exceeds the jurisdictional minimum and the parties are diverse, the Court's subject matter jurisdiction also exists through a diversity basis.

### III.  CONCLUSION

For the reasons stated above, Waba's Motion to Remand [DE 11] is **DENIED.**

Signed this the 28th of August, 2025.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY